IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: IMPRELIS HERBICIDE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 2284<br>11-md-02284 |
| THIS DOCUMENT APPLIES TO:<br>*Aronimink Golf Club, Inc. v. E.I. du Pont Nemours & Co.* | Civil Action No.<br>16-283 |

## MEMORANDUM

PRATTER, J.                                                                                                                AUGUST 14, 2017

Aronimink brought suit against DuPont for Imprelis damage to trees on its golf course related to an application of Imprelis in May, 2012. DuPont then moved to dismiss, or, in the alternative, for an injunction barring Aronimink's suit, arguing that Aronimink also applied Imprelis in May, 2011, which makes it a class member and therefore Aronimink is barred from bringing suit for *any* Imprelis damages. After oral argument, the Court converted the motion to one for summary judgment and allowed very limited discovery and further briefing. Upon review of all of the briefing now submitted, the Court will grant DuPont's motion and dismiss Aronimink's claims.

### BACKGROUND

Because the Court has written about the history of this litigation in several opinions, the following summary will be brief.

In the fall of 2010, DuPont introduced Imprelis, a new herbicide designed to selectively kill unwanted weeds without harming non-target vegetation. After widespread reports of damage to non-target vegetation, the EPA began investigating Imprelis, leading to lawsuits, a suspension of Imprelis sales, and an EPA order preventing DuPont from selling Imprelis. In

1

September 2011, DuPont started its own Claim Resolution Process to compensate victims of Imprelis damage. Despite this voluntary process, various plaintiffs continued to pursue their lawsuits, alleging consumer fraud/protection act violations, breach of express and/or implied warranty, negligence, strict products liability, nuisance, and trespass claims based on the laws of numerous states. After months of settlement discussions, including mediation, the parties came to a settlement agreement. The details of the settlement relevant to the instant motions will be discussed in greater detail below.

## A. *The Settlement*

The Imprelis Class Action Settlement covers three classes of Imprelis Plaintiffs. Among the three settlement classes is a self-applicator class, to which, DuPont argues, Aronimink Golf Club belongs. The self-applicator class includes, "All persons or entities that, from August 31, 2010 through August 21, 2011, purchased Imprelis (and/or received Imprelis directly or indirectly from a purchaser) and applied it to properties in the United States that they own or owned." *See* Docket No. 117-2, Settlement Agreement, § I. Under the Settlement, self-applicator class members who filed claims by the claims deadline would receive tree removal (or compensation for tree removal), payments for replacement trees, tree care and maintenance payments, and a 15% payment for incidental damages. The Settlement included a warranty that provided for all benefits but the 15% incidental damages award for Imprelis damage that manifested after the claims period closed but before May 31, 2015. On February 12, 2013, this Court preliminarily approved the Settlement, and specifically ordered that:

> Any Settlement Class Member may opt out of the Settlement by following the "Exclusion" procedure set forth in the Long Form Notice and the Settlement Agreement. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Settlement Notice and the Settlement Agreement will be bound by all determinations and judgments in the Action. Any Class Member who wishes to opt out of the Class must do so in writing by mailing a request for exclusion

2

> to the Claims Administrator. Any such request must be postmarked no later than the Opt-Out Deadline, June 28, 2013. The request to opt out must be signed by the Class Member seeking to opt out and must set out the Class Member's first and last names (or company name), valid mailing address and functioning telephone number.

February 12, 2013 Order, Docket No. 160, ¶ 8. The Settlement itself provided that DuPont could terminate the agreement if "in its sole discretion, DuPont believe[d] that the number of Opt-Outs was unsatisfactory." *See* Settlement Agreement and Release, Docket No. 118-1, § IX.A.

On October 17, 2013, the Court granted the Class Plaintiffs' Motion for Final Approval of the Settlement. The Order entering final judgment as to the Settlement states that class members are "permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims, against any Releasee . . . by whatever means, in any local, state, or federal court, or in any agency or other arbitral or other forum . . . ." February 5, 2014 Order, Docket No. 274, ¶ 7. The Court also retained exclusive jurisdiction over any action relating to the Settlement:

> Without affecting the finality of this Order, the Court shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and DuPont.

*Id.* at ¶ 11. Attached to that Order was a list of all parties who had opted out of the Settlement. Aronimink is not listed in that attachment. *See id.* at Ex. A.

### B. *Aronimink's Complaint*

According to Aronimink's Complaint, Aronimink purchased Imprelis, and in May, 2012, it applied Imprelis to a large portion of its golf course. During a course inspection in March, 2014, following a heavy storm, Aronimink first noticed signs of Imprelis damage, and by the summer of 2015, 27 "important" trees had suffered some degree of damage, adding up to at least

3

$117,250 in damages. Not discussed in the Complaint is the fact that Aronimink applied Imprelis to its golf course in May, 2011, and that it filed a warranty claim with DuPont in July, 2014. That claim was denied, and Aronimink then filed suit in Delaware County Court of Common Pleas. DuPont removed the case to this Court and filed a motion to dismiss. Because the spray record from 2011 is key to determining Aronimink's membership in the Class, the Court converted the motion to dismiss to a motion for summary judgment for the purpose of determining class membership and gave both parties additional opportunities to engage in limited discovery and supplement their briefing. Despite Aronimink's objections to considering the spray record in deciding a motion to dismiss, Aronimink does not contest that record's authenticity.

## LEGAL STANDARD

A court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cnty. of Bucks,* 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A factual dispute is "material" if it might affect the outcome of the case under governing law. *Id.* (citing *Anderson,* 477 U.S. at 248). Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the non-moving party. *See Anderson,* 477 U.S. at 255. However, "[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 252 (3d Cir. 2010).

The movant bears the initial responsibility for informing the Court of the basis for the motion for summary judgment and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. After the moving party has met the initial burden, the non-moving party must set forth specific facts showing that there is a genuinely disputed factual issue for trial by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

## DISCUSSION

DuPont's primary argument is that because Aronimink applied Imprelis during the class period and did not opt out of the Settlement, *all* of its Imprelis claims are barred. The self-applicator class includes, "All persons or entities that, from August 31, 2010 through August 21, 2011, purchased Imprelis (and/or received Imprelis directly or indirectly from a purchaser) and applied it to properties in the United States that they own or owned." *See* Docket No. 117-2, Settlement Agreement, § I. It is undisputed that Aronimink applied Imprelis in May, 2011, making it a class member. All class members who failed to opt out released DuPont "from any and all claims arising from or relating to Imprelis, including but not limited to those that were,

5

could have been, or could be asserted by the Class Releasors," with some limited exceptions for personal injury claims, injuries to animals, and environmental damage not related to property. *Id.* at § VI.A. Because Aronimink is a class member, DuPont asserts that its suit is barred by *res judicata*, citing the final judgment order on the Settlement as binding Aronimink. In the alternative, DuPont asks that the Court enter an injunction under the All Writs Act barring Aronimink from bringing suit.

Aronimink responds by arguing that its May 2012 Imprelis application[1] was wholly independent of its May 2011 application. Aronimink also argues that the Settlement is expressly limited to damages from applications of Imprelis in the 2011 time frame, and that therefore the release language should be interpreted as only releasing claims related to applications during 2011. To get to this conclusion, it argues that proving an Imprelis claim requires proving an application in the class period, which suggests that damages are limited to claims arising from class-period applications. It then points to language from the Notice that states that if you do not opt out of the Settlement "[a class member] will have given up [its] right to sue for the claims being resolved by this Settlement related to property damage and related losses caused by Imprelis." Aronimink seizes on the "resolved by this Settlement" language and argues that because damages are limited to claims relating to class-period applications, only those claims are "resolved by the Settlement" and therefore only those claims are foreclosed by the Settlement in the future. Aronimink cites various Third Circuit Court of Appeals cases that stand for the general proposition that "due process considerations counsel against binding absent potential class members to understandings that were not made express in the class notice or settlement agreement." *In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 310 (3d Cir. 2004).

---

[1] The Court observes that this 2012 application occurred several months after Imprelis was publicly removed from the market, as well as several months after this MDL was established.

However, as DuPont highlights, that the basic premises underlying Aronimink's arguments are flawed. First, being a class member is a binary question – a party cannot be a class member for some Imprelis claims but not for others. Second, nothing in the Settlement bars recovery for damages from later applications of Imprelis, as long as the property owner is a class member (*i.e.*, had at least one application during the class period) and files a timely claim, which, DuPont argues, Aronimink did not. Third, interpreting the broad but unambiguous language of the Settlement Agreement relating to released claims as only applying to claims for damages related to class period applications contorts the plain meaning of the Agreement. Indeed, Aronimink appears to conflate claims with class membership – while class members must have applied Imprelis during the class period, a class member's *claims* are not limited to damages from only that application and consequently the release is not so limited and is not unfair. Thus, the Court will grant DuPont's motion and dismiss Aronimink's Complaint.[2]

Conclusion

For the foregoing reasons, the Court will grant DuPont's Motion. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] In addition to supplementing its response to DuPont's Motion, Aronimink also moves under Federal Rule of Civil Procedure 56(d) to defer ruling on the motion until the parties engage in discovery regarding claim documents relating to claims paid by DuPont for damages from Imprelis applications outside of the class period, discovery regarding settlement negotiations, and discovery relating to the denial of Aronimink's claim. However, when the parties, in accordance with the Court's instructions, presented their disputed discovery requests to the Court, including these same requests from Aronimink, the Court denied Aronimink's requests. *See* August 19, 2016 Order, Docket No. 664. Because the Court has already ruled on the same issue and because Aronimink has not presented any grounds for reconsideration of that ruling, the Court will not revisit Aronimink's requests here.